UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA DIXSON,<br><br>    Plaintiff,<br><br>v.<br><br>FLEETCOR TECHNOLOGIES OPERATING COMPANY LLC,<br><br>    Defendant. | Case No.15-cv-02595-EDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 76 |

In this case, Plaintiff Trisha Dixson brought claims for employment discrimination and wage and hour violations against her former employer Defendant FleetCor Technologies Operating Company LLC. The Court granted Defendant's motion for summary judgment with respect to the employment discrimination and related claims, but denied the motion with respect to the wage and hour claims. The parties subsequently settled the action and agreed that Plaintiff would be deemed to be the prevailing party for some or all of the wage and hour claims. Plaintiff now moves for attorneys' fees and costs. For the reasons discussed below, the Court GRANTS Plaintiff's motion for attorneys' fees and costs in the amount of $47,608.19.

## I.   BACKGROUND[1]

On June 10, 2015, Plaintiff Trisha Dixson filed a complaint against her former employer Defendant FleetCor Technologies Operating Company LLC alleging wrongful employment termination, employment discrimination, intentional infliction of emotional distress, and breach of the implied covenant of good faith and fair dealing. Dkt. No. 1. On December 1, 2015, Plaintiff filed a Second Amended Complaint which added claims for unpaid wages, waiting time penalties,

---

[1] A full recitation of the facts underlying Plaintiff's claims is in the Court's Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. Dkt. No. 65.

and unfair business practices. Dkt. No. 35.

On April 25, 2017, the Court granted Defendant's motion for summary judgment in part and denied it in part. Specifically, the Court granted Defendant's motion with respect to the claims for wrongful employment termination, employment discrimination, intentional infliction of emotional distress, and breach of the implied covenant of good faith and fair dealing. The Court denied the motion with respect to the claims for unpaid wages, waiting time penalties, and unfair business practices.

On August 8, 2017, the parties appeared before Magistrate Judge Kim for a settlement conference. The parties settled the case, and the terms of the settlement were placed on the record.

On August 18, 2017, Plaintiff's counsel moved for attorneys' fees and costs. Plaintiff stated that under the confidential settlement agreement, Plaintiff was the prevailing party with respect to her wage and hour claims. Plaintiff's counsel sought an award of $141,389.40 in attorneys' fees and $15,466.37 in costs on the basis of California Labor Code § 218.5.

On September 1, 2017, Defendant opposed Plaintiff's motion. According to Defendant, the parties agreed that Plaintiff would be considered a prevailing party with respect to Plaintiff's fifth claim of unpaid wages under the settlement agreement. Defendant argued that Plaintiff's fee request was not based on any rational relationship to the time spent on the only successful claim, was unreasonable in light of the results obtained, was inadequately supported by the evidence submitted, and was based on an excessive hourly rate. Defendant argued that Plaintiff's award of attorneys' fees should be reduced by approximately 96% to account for the fact that the only part of her case that survived the motion for summary judgment was 12 of the 69 weeks at issue in the wage and hour claim and she lost all of her other claims.

On September 7, 2017, Plaintiff replied. Plaintiff argued that she prevailed on 60% of her claims, that counsel adequately documented the time spent on the relevant claims, and that her costs are reasonable. Thus, Plaintiff argued that she should be awarded 60% of her total attorneys' fees.

The parties appeared before the Court on October 3, 2017, for a hearing on the motion for attorneys' fees and costs. After discussing both parties' positions, the Court asked the parties to

2

consider a stipulated agreement on the requested attorneys' fees and costs. Upon further consideration, the parties agreed to an award of costs in the amount of $7,608.19. The parties could not agree on a final award of fees, but they did agree that the Court should reduce the fee award downward from a total of $160,000. The amount of $160,000 represents Plaintiff's overall attorneys' fee request, excluding attorney time spent on experts who were unrelated to the claims on which Plaintiff was deemed the prevailing party and work on the case before the filing of the Second Amended Complaint. With respect to the appropriate downward adjustment of the fee award, Plaintiff advocated for a 67% reduction, whereas Defendant asked for an 80% reduction.

## II.     LEGAL STANDARD

California Labor Code § 218.5 provides that, "[i]n any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." State law controls the method of calculating an attorneys' fee awarded under state law. Mangold v. California Public Utilities Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995). Under California law,

> The primary method for establishing the amount of reasonable attorney fees is the lodestar method. The lodestar (or touchstone) is produced by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate. Once the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative multiplier to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented.

In re Consumer Privacy Cases, 175 Cal. App. 4th 545, 556-57 (2009). See also Hopkins v. Wells Fargo Bank, N.A., 2014 WL 2987753, at *4 (E.D. Cal. July 1, 2014) (applying California law and recognizing that the court may consider such factors as "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the success or failure, and other circumstances of the case" when determining the appropriate lodestar adjustment). The determination of reasonable attorneys' fees falls within the discretion of the trial courts, and the award will not be disturbed unless the appellate court is convinced that it is clearly wrong. Beaty v. BET Holdings, Inc., 222 F.3d 607, 609 (9th Cir. 2000).

### III. DISCUSSION

#### A. Claims for Which Plaintiff is Entitled to Recover Fees

Under the confidential settlement agreement, the parties agreed that Plaintiff was the prevailing party with respect to Plaintiff's wage and hour claims. The parties still agree on that much. For purposes of this motion, however, they disagree about how to define which claims are considered "wage and hour" claims. According to Defendant, the parties agreed that Plaintiff would be considered a prevailing party with respect to Plaintiff's fifth claim of unpaid wages under the settlement agreement. Plaintiff argues that she was, in effect, the prevailing party on 60% of her claims because the first three claims in the Second Amended Complaint were derivative or alternative of each other and, presumably, should be accorded less weight than fully independent claims.

The Court cannot fully agree with either side's definition of Plaintiff's wage and hour claims. Defendant's position is overly formulaic, whereas Plaintiff's interpretation is overbroad. Instead, to decide this issue, the Court relies on the same definition it used to define Plaintiff's claims in her summary judgment order. In the order, the Court granted summary judgment on Plaintiff's first through fourth claims, which the order referred to as the "employment discrimination claims," and denied summary judgment as to Plaintiff's fifth through seventh claims, which the order referred to as the "wage and hour claims." Thus, for purposes of summary judgment and this motion for attorneys' fees and costs, the Court considers Plaintiff's "wage and hour" claims to be inclusive of her claims for unpaid wages, waiting time penalties, and unfair business practices.

#### B. Lodestar

##### 1. Parties' Stipulation as to the Lodestar

Plaintiff's counsel submitted an invoice for $235,649.00 that includes the date of work, the billing attorney, a description of the activity, the billing attorney's rate, and hours rounded off to the nearest tenth of an hour. Dkt. No. 76-1, Gomez Decl., Ex. 1. Plaintiff's principal counsel, Mr. Alvin Gomez's declaration indicates that he and his associate attorneys spent a total of 362.3 hours litigating this case (Mr. Gomez spent 268.9 hours, Mr. Ilg spent 64.6 hours, Mr. Smyslov

1  spent 26.2 hours, and Mr. Cavadas spent 3.1 hours).  Mr. Gomez seeks an hourly rate of $750.
2  The hourly rates for the other attorneys billing on the case are the following: Mr. Stephen Ilg at
3  $425 per hour, Mr. Boris Smyslov at $250 per hour, and Mr. Erick Cavadas at $90 per hour.
4        At the hearing, Defendant maintained that the hourly rates Plaintiff sought are
5  impermissibly high, especially compared to defense counsel's own hourly rates.  However, as the
6  Court stated at the hearing, the requested rates are reasonable in light of market rates and the case
7  law does not support reducing the hourly rate based on defense counsel's fees, which may be
8  influenced by other factors, such as repeat business for a client.  See 569 East County Blvd. LLC
9  v. Backcountry Against the Dump, Inc., 6 Cal. App. 5th 426, 438 (2016) (trial court not required
10 to reduce requested hourly rates based on defense counsel's hourly rates).  In the end, however,
11 the parties stipulated that the Court should determine the attorneys' fee award based on a lodestar
12 of $160,000.

### 2. Appropriate Adjustment of Stipulated Lodestar

14       In light of the parties' stipulation as to the lodestar, the only question for the Court is the
15 appropriate reduction, if any, to apply based on the relevant factors it may consider, which include
16 "the quality of the representation, the novelty and complexity of the issues, the results obtained,
17 and the contingent risk presented."  In re Consumer Privacy Cases, 175 Cal. App. 4th at 556-57.
18       Although the parties agree that a reduction should be applied to the lodestar, they disagree
19 on the correct multiplier.  Defendant has proposed a reduction of 80%, for a resulting award of
20 $32,000.  Defendant claims this reduction is warranted for at least three reasons: (1) Plaintiff
21 prevailed on a small part of the case in the settlement, (2) the results obtained were relatively low,
22 and (3) Plaintiff's counsel's claim that he has never offered settlement in another case is
23 immaterial.  Plaintiff has submitted that a reduction of 67% of the $160,000 total, translating to an
24 award of $52,800, is fair in light of the results obtained.  More importantly, as discussed below,
25 Plaintiff's primary focus throughout this case was her employment discrimination claims, and her
26 main damages would have flowed from the alleged wrongful termination.
27       The Court has already determined that Plaintiff was a prevailing party on her wage and
28 hour claims, which represented three of the seven claims pleaded in the Second Amended

Complaint. That does not mean, however, that the appropriate downward adjustment is 43% (3/7). Indeed, even Plaintiff has abandoned her position that she is entitled to anything more than 33% of the lodestar.

The "most critical" factor in determining a reasonable fee is the results obtained in the litigation. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Here, the parties settled for $7,500, which is less than half the $15,200 in unpaid wages that Plaintiff alleged in the Second Amended Complaint. The $7,500 settlement amount is substantially less than the total damages Plaintiff would have sought at trial if one or more of her employment discrimination claims would have survived summary judgment. At the very least, Plaintiff's Second Amended Complaint (and earlier complaints before the wage and hour claims were added) sought damages in excess of $75,000 to meet the requirements for pleading diversity jurisdiction. Therefore, when looking strictly at the monetary results obtained, the results are relatively low.

The wage and hour claims were also a relatively small and belated part of Plaintiff's case and a relatively small part of the case that survived summary judgment. Plaintiff filed the original complaint in June 2015, raising claims only related to the alleged employment discrimination. The complaint was subsequently amended two times, once on August 11, 2015, and again on December 1, 2015, when the wage and hour claims were then added as part of the Second Amended Complaint. The factual record compiled in discovery and presented in the parties' summary judgment briefs confirms that the focus of Plaintiff's claims was on the alleged employment discrimination. For example, Plaintiff devoted approximately seven pages of her summary judgment opposition to the factual background and legal argument supporting her wage and hour claims, compared to the approximately fourteen pages she dedicated to the employment discrimination claims. The Court also spent comparatively little time analyzing the wage and hour claims in its summary judgment order, although that can be at least partially explained by the fact that the wage and hour claims involved a less complex factual basis. Moreover, as Defendant points out, the wage and hour claims did not survive summary judgment in their entirety. Plaintiff's wage and hour claims depended on the underlying contention that she had been misclassified as an exempt employee, but, on summary judgment, the Court found that there was a

6

triable issue on misclassification as to only 12 of the 69 weeks of employment at issue. Accordingly, it is fair to characterize the wage and hour claims and the results obtained on those claims as quite limited compared to the other claims and overall damages sought in the case, and this factor weighs in favor of a downward adjustment. See Chavez v. City of Los Angeles, 47 Cal 4th 970, 989 (2010) (reduced fee award is appropriate when a claimant achieves only limited success).

However, the amount involved and the results obtained are not the only factors the Court can consider when determining the appropriate lodestar multiplier. Certain other factors are relevant here, including the nature of the litigation, the risk counsel accepted in litigating the case, and the skill counsel employed in its representation. In this case, as in employment law cases generally, counsel accepted significant risk when it agreed to represent Plaintiff. Plaintiff's counsel engaged in extensive discovery over the course of a year and opposed Defendant's motion for summary judgment, which attacked every claim at issue. Employment-based claims, including wage and hour claims, are, for the most part, fact-intensive and vigorously contested, as they were here. The risk Plaintiff's counsel took in representing such claims weighs in favor of a higher multiplier. See Pellegrino v. Robert Half Int'l, Inc., 182 Cal. App. 4th 278, 291 (Cal .Ct. App. 2010) (approving an upward multiplier on lodestar due to complexity and difficulty of litigating employment law case that included wage and hour claims). Therefore, the Court concludes that Defendant's request of an award of 20% of the lodestar is a reasonable starting point to account for the limited results achieved but that the multiplier should be slightly higher at 25% to account for these additional factors. Applying a 25% multiplier to the parties' agreed-upon $160,000 lodestar, the Court awards $40,000 in attorneys' fees.

### C. Costs

In her motion, Plaintiff requested costs of $15,466.37 and provided a chart breaking down the costs. Dkt. No. 76-1, Gomez Decl. ¶ 36. Defendant opposed certain costs claimed, such as the filing fee, travel expenses, and certain depositions. Upon review of Plaintiff's request for costs, the Court agrees that a portion of the costs sought are non-compensable as either excessive (in the case of the travel costs) or unrelated to the claims for which Plaintiff is considered prevailing for

1  purposes of the settlement agreement (such as costs associated with an unrelated expert).  Taking
2  these considerations into account, the parties stipulated to an award of costs in the amount of
3  $7,608.19 at the hearing.  The Court agrees that this stipulated amount is reasonable.

## IV.  CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiff's motion for attorneys' fees in the amount of $40,000 and costs in the amount of $7,608.19, for a total award of $47,608.19.

**IT IS SO ORDERED.**

Dated: October 11, 2017



ELIZABETH D. LAPORTE
United States Magistrate Judge